UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                                                                      **MEMORANDUM & ORDER**
                                                                      17-CR-262 (MKB)

                   - against -

VICTOR PRATT,

                     Defendant.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Defendant Victor Pratt pleaded guilty on September 29, 2017 to a two-count indictment charging him with theft of government funds and misappropriation of property by an employee of the United States Postal Service ("USPS") (Minute Entry dated Sept. 29, 2017, Docket Entry No. 14), and is scheduled to be sentenced on June 12, 2018, (Minute Entry dated Apr. 30, 2018). Pursuant to forfeiture allegations in the indictment, the Government sought a preliminary order of forfeiture that the Court granted on December 1, 2017. (Order dated Dec. 1, 2017, Docket Entry No. 17.)  On May 18, 2018, the Government sought a Final Order of Forfeiture pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure. (Gov't Mot. for Final Order of Forfeiture, Docket Entry No. 23.)  Currently before the Court is Defendant's motion to credit any forfeited funds to restitution. (Def. Mot., Docket Entry No. 22.)  For the reasons explained below, the Court denies Defendant's motion.

## I. Background

Defendant, a former employee of the USPS, stole $29,485 of United States currency from the USPS in April of 2017. (Presentence Investigation Report ("PSR") ¶ 11, Docket Entry No. 20.) In the indictment, the Government gave Defendant notice of its intent to seek forfeiture of "any

property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly" from any theft of government funds, if Defendant was convicted. (Indictment, Docket Entry No. 6).

On September 29, 2017, Defendant pleaded guilty to theft of government funds and misappropriation of the USPS property before Magistrate Judge Vera M. Scanlon. (Minute Entry dated Sept. 29, 2017.) By order dated December 1, 2017, the Court adopted Judge Scanlon's recommendation and accepted Defendant's plea of guilty to both crimes. (Order dated Dec. 1, 2017).

On November 9, 2017, the Government moved for a preliminary order of forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, seeking a money judgment in the amount of $29,485, representing the proceeds of the crime. (Gov't Mot. for Preliminary Order of Forfeiture, Docket Entry No. 16). The Court granted the motion without opposition on December 1, 2017. (Order dated Dec. 1, 2017.)

In his sentencing submission filed on May 10, 2018, Defendant moved to have the Court order the Government to apply any forfeited funds to restitution. (Def. Mot. 1, 3–4.) On May 18, 2018, the Government moved for a final order of forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure. (Gov't Mot. for Final Order of Forfeiture.) The Government opposed Defendant's motion to have forfeited funds applied to restitution. (Gov't Opp'n to Def. Mot., Docket Entry No. 26.)

## II. The Court has no authority to order the Government to apply forfeited funds to restitution

Defendant asserts that the Court should "order the crediting of any forfeited funds to restitution" because "the amounts of forfeiture and restitution are exactly the same[,] . . . . the difference between forfeiture and restitution is purely theoretical . . . . [and] [n]o purpose is served by requiring [him] to make in effect a double payment, doubling the just under $30,000 that he stole

to almost $60,000." (Def. Mot. 1.)

Defendant acknowledges in his application to the Court that restitution and forfeiture serve different purposes. (*See id.* at 3 ("Forfeiture rids a defendant of his ill-gotten gains . . . while restitution 'compensates victims for their losses.'" (alteration omitted) (first citing *United States v. Kalish*, 626 F.3d 165 (2d Cir. 2010); and then quoting *United States v. Pescatore*, 637 F.3d 128, 138 (2d Cir. 2011))).) Defendant argues, however, that requiring separate payments for forfeiture and restitution would not be "reasonable, fair, [or] just" and therefore the Court should order the Government to use any forfeited funds to pay restitution.

In support of his argument that the Court has authority to order the Government to apply forfeited funds to restitution, Defendant mistakenly relies on *Kalish*, 626 F.3d at 165. In *Kalish*, the defendant was convicted and ordered to pay restitution in the amount of $1,199,239 and forfeiture in the amount of $8.4 million as part of his criminal sentence. *Id.* at 167. The district court denied the defendant's motion to "reduc[e] the restitution amount by the forfeiture amount,"[1] and the Second Circuit affirmed. *Id.* at 169. The Second Circuit recognized that other circuits had rejected similar requests, and noted that "[t]hese remedies are authorized by separate statutes, and their simultaneous imposition offends no constitutional provision." *Id.*

The Second Circuit also noted in dicta that:

> once some *payment* has been made by way of restitution, a defendant would be in a position to argue that such a payment should be a credit against any then remaining forfeiture amount. The forfeiture amount represents "ill-gotten" gains, and it is at least arguable that any money returned to a victim has reduced the amount of "ill-gotten" gains remaining in the defendant's

---

[1] The Second Circuit noted that it was unclear "whether [the defendant] mean[t] that the restitution amount should have been reduced by the forfeiture amount or that the forfeiture amount should have been reduced by the restitution amount," and observed that the district court "understood [the defendant] to mean reducing the restitution amount by the forfeiture amount and rejected the claim." *United States v. Kalish*, 626 F.3d 165, 169 (2d Cir. 2010).

possession. In the absence of any claim that [the defendant] has made any restitution payment, however, we need not decide whether such an argument would prevail.

*Id.* at 169–70. Since this decision, however, the Second Circuit affirmed a district court's decision in *United States v. Bodouva*, 853 F.3d 76 (2d Cir. 2017), finding that "[b]ecause the statutory schemes authorizing restitution and forfeiture are separate, district courts are bound not to reduce the amount of a mandatory criminal forfeiture order by the amount of past or future restitution payments, in the absence of specific statutory authorization to do so." *Id.* at 78–79. The Court addressed — and dismissed — any argument based on *Kalish* and *United States v. Bengis*, 631 F.3d 33 (2d Cir. 2011),[2] suggesting that a district court may order an offset by specifically noting that it had not decided the issue in those cases:

> Although we did contemplate the possibility of a similar offset in *United States v. Kalish*, 626 F.3d 165 (2d Cir. 2010), we expressly stated that "we need not decide whether such an argument [concerning the possibility of an offset] would prevail." *Id.* at 169–70. In *United States v. Bengis*, 631 F.3d 33 (2d Cir. 2011), we remanded to the district court for entry of an order of restitution and "[left] to the district court's determination in the first instance all relevant issues relating to the amount of restitution, whether any off-set should apply, and if so, whether there should be one based on the [defendant's] forfeiture . . . . We express[ed] no view as to how such issues should be resolved." *Id.* at 41.

*Id.* at 79 n.1 (alterations in original); *see also United States v. Steel*, No. 11-CR-244, 2012 WL 5879143, at *2 (E.D.N.Y. Nov. 21, 2012) (noting that the Second Circuit "did not resolve the issue" of whether a defendant could have his forfeiture reduced because of restitution payments "because that defendant had not made any such [restitution] payment" (citing *Kalish*, 626 F.3d at 170)); *id.*

---

[2] In *United States v. Bengis*, 631 F.3d 33 (2d Cir. 2011), the Second Circuit vacated the district court's denial of restitution to the Republic of South Africa for the illegal harvesting of lobsters. *See United States v. Bengis*, 631 F.3d 33 (2d Cir. 2011).

(noting that "other Circuits have not endorsed" the view that a court may offset forfeiture and

restitution amounts against each other (citations omitted)).[3]

While the government has discretion and can decide to apply forfeited funds to restitution,

the Court is not aware of any authority to order the Government to exercise its discretion in a

particular case. *See United States v. Torres*, 703 F.3d 194, 204–05 (2d Cir. 2012) ("[A]lthough the

government is not *required* to apply any payments that [the defendant] makes toward the forfeiture

award to reduce her restitution obligation (or vice versa), [the defendant] may seek such relief, and

the Attorney General may apply one payment as credit against the other obligation." (first citing

*Pescatore*, 637 F.3d at 138; and then citing *Kalish*, 626 F.3d at 169–70)); *Pescatore*, 637 F.3d at 138

(noting that the DOJ's Asset Forfeiture Policy Manual provided that "discretion may be exercised to

transfer forfeited assets to victims 'where . . . other property is not available to satisfy the order of

restitution'").[4] Indeed, other circuits have consistently held that district courts generally have no

authority to apply forfeited funds to restitution. *See, e.g., United States v. Joseph*, 743 F.3d 1350,

1354 (11th Cir. 2014) ("In light of the statutory framework governing restitution and forfeiture, we

---

[3] Defendant's attempt to distinguish *Steel* based on the *Steel* court's observation that the defendant agreed to the forfeiture amount in his plea agreement with the government without any mention of a set-off and the fact that Defendant in this case did not enter into a plea agreement, (*see* Def. Mot. 4, Docket Entry No. 22), is of no avail in view of the *Steel* court's discussion of the limitations of *Kalish*.

[4] *See also United States v. Pescatore*, 637 F.3d 128, 129–30 (2d Cir. 2011) ("[N]othing in the statutory provisions, DOJ's normal operating procedures, or the Plea Agreement . . . required the Department to use the forfeited assets to relieve [the defendant] of his restitution obligations."); *United States v. Broadbent*, 225 F. Supp. 3d 239, 242 (S.D.N.Y. 2016) ("[T]he decision to remit forfeited funds to victims as restitution remains in the government's sole discretion." (citations omitted)); *United States v. Guastella*, No. 98-CR-1325, 2009 WL 1619902, at *2 (S.D.N.Y. June 4, 2009) ("As a matter of law, the fact that the Government obtained forfeited funds does not give a court discretion to order restitution in an amount less than the victims' losses." (first citing *United States v. Bright*, 353 F.3d 1114, 1122 (9th Cir. 2004); and then citing *United States v. Alalade*, 204 F.3d 536, 540 (4th Cir. 2000))).

hold that a district court generally has no authority to offset a defendant's restitution obligation by the value of forfeited property held by the government, which is consistent with the approach taken by the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits." (collecting cases)).

Thus, absent "specific statutory authorization," *Bodouva*, 853 F.3d at 78–79, this Court has no basis to order the Government to apply forfeited funds to any restitution order. The Court therefore denies Defendant's application to apply forfeited funds to restitution.[5]

### III. Conclusion

For the reasons discussed above, the Court denies Defendant's motion to order the Government to apply forfeited funds to restitution.

SO ORDERED:

      s/ MKB

MARGO K. BRODIE
United States District Judge

Dated: June 11, 2018
      Brooklyn, New York

---

[5] Even assuming that the Court had authority to order the Government to apply forfeited funds to restitution, the Court finds unpersuasive Defendant's argument that the forfeited funds should be applied to restitution in this case because "the recipient of the forfeited funds and restitution payments is also the same." (Def. Mot. 4.) As the Government points out, restitution and forfeiture are payable to two separate government entities — restitution to the USPS and forfeited funds to the United States Department of Justice. *See United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012) ("[S]everal Circuits have upheld orders of both forfeiture and restitution in the face of double-recovery challenges where (unlike here) both awards were payable to the federal government, albeit to different federal entities." (first citing *United States v. Taylor*, 582 F.3d 558, 566 (5th Cir. 2009); and then citing *United States v. Emerson*, 128 F.3d 557, 567 (7th Cir. 1997))).